No. 11,547.

SMITH, RECEIVER v. RINGELMAN.

Decided April 12, 1926.    Rehearing denied May 3, 1926.

Action to recover funds from an insolvent bank. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. BANKS AND BANKING—*Insolvent Bank—Trust Funds.* Funds received by a bank acting as agent at a sale, and which were not deposited

to the credit of the principal, but placed in a separate fund, held to be trust funds which should be paid to the owner in advance of the claims of general creditors.

2.      *Insolvent Bank—Trust Funds—Distribution.* Trust funds of like character held by an insolvent bank should be distributed according to the rights of the parties entitled thereto.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Messrs. McCONLEY & McCONLEY, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE Logan County National Bank of Sterling, Colorado, was taken possession of by the comptroller of the currency and since the closing on the 24th of January, 1925, has been in charge of Roy E. Smith as receiver. Adam Ringelman had been a customer of this bank during the year 1924, but had closed his account. In January, 1925, he employed the bank to act as clerk of a public sale which he made January 20, 1925. Some employee or officer of the bank acted at this sale as the clerk and collected of the various sales an amount aggregating about $1,500, all of which money was placed in the bank in an account marked: "Sale Account Ringelman." Ringelman had at the time no checking account and could not draw checks on this deposit. Being pressed for money, arrangements were made by the bank whereby a part of this deposit was turned over to him, leaving a balance in the account of $969.40, which thus remained up to the time the bank closed, when it passed into the hands of the receiver along with other moneys

and assets of the bank. Subsequently Ringelman brought this action setting forth the foregoing facts and asked judgment that this balance be allowed and established as a preferred or prior claim as a trust fund against the assets of the bank in the hands of the receiver and superior to that of general creditors. The court below upon the testimony, which is legally sufficient to uphold the finding, found that this transaction did not give rise to the relation of creditor and debtor between the bank and Ringelman but only that of principal and agent. The court further found that banks in this region not infrequently acted as such sales agents and it was their custom not to make settlement with the principal until all the money was collected. The money was not all collected from the Ringelman sale and no settlement was ever made with him and no amount ever deposited in the bank by him or by the bank to his credit or credited to him in any way, because at the time of the closing of the bank the money had not been collected from all the sales made. The testimony further showed and the court evidently believed that the plaintiff himself had directed the bank not to make any deposit to his credit in the bank. The court found that the evidence was clear that no money had ever been deposited to Ringelman's credit and upon such findings concluded that the legal status was that of trustee and cestui que trust, and until the agent, the bank in this case, had deposited it in the bank to the credit of the principal, the money remained as a trust fund or a special deposit, citing section 268, p. 638, 3 R. C. L. The court found, and so adjudged, that this balance of $969.40 came into the hands of the receiver as a trust fund impressed with a trust in favor of the plaintiff and that the plaintiff is entitled to a prior lien upon the sum in the hands of the receiver as against general creditors.

We have read the interesting and able briefs of opposing counsel and are of opinion that those cases relied upon most strongly by the receiver are not in point under

the facts of this case. We think the trial court was right in its findings that under the facts before it, and under the custom of banks in acting as sales agents, this money, which it credited to "Sales Account Ringelman" is a trust fund deposit. It should, therefore, be paid in advance of the claims of general creditors.

The only question about which we are in doubt is as to the sweeping character of the judgment. The bank claims that the judgment, if sustained by this court, should be with the qualification or modification that the fund is to be paid along with those of other claimants of the same class. The record does not show that there are any other such trust funds or special deposits which came into the possession of the receiver. It would seem to be the duty of the receiver, if he had knowledge of such other claims, to inform the court thereof at the time of the trial. And if at anytime thereafter before classifying and paying claims, other claims are so classified, the receiver on application to the court might be authorized to treat alike all of the same class. The testimony here, as we understand it, is that the amount of money that passed to the receiver was greatly in excess of the amount of this claim and that there would be left for general creditors a considerable balance. If, therefore, in the course of the receivership it be made known to the court that other trust funds of like character passed into the hands of the receiver, upon a proper showing to the district court, if there was any necessity for modification of this judgment, the appropriate order in the premises should be made. With this suggestion to the court we think that the judgment as rendered must be affirmed with the right reserved to the receiver hereafter, before final settlement, to ask for modification of this judgment to meet the emergency suggested here by its counsel.

Application for supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.